IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00518-LTB-MEH

PHILIP BUTLER,

    Plaintiff,

v.

JAMES BUTIERRAS, [in his] personal capacity,

    Defendant.

---

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Dismiss Due to Plaintiff's Willful and Wanton Failure to Make Payment or to Otherwise Show Cause (Docket #56). This matter has been referred for recommendation (Docket #57) and, based upon Plaintiff's failure to respond, is ripe for consideration.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

On March 23, 2006, Plaintiff was granted leave to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. §1915 (Docket #3). Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff was instructed to make such payments, or show cause each month as to why he could not make a payment. *See* Order of March 23, 2006 (Doc. # 3).

Aside from a payment made by the Plaintiff on April 10, 2006, Plaintiff failed to meet his obligation. By July 2006, Plaintiff had failed to make any further payments or demonstrate cause as to why payments could not be made. Under the standard procedures of this Court, an Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause was issued on July 13, 2006 (Docket #18). The Order found that the Plaintiff had failed to make his required monthly payments or show cause why he could not for the months of May and June, 2006. The Order directed that

> . . . [B]y the **15th day** of **each** month hereafter Plaintiff shall either make the required monthly payment for each month or file a certified copy of [her/his] inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment.

However, the record reflects that no payment or request for extension of time to make payment or show cause why payment could not be made was received in the month of July, 2006. Thereafter, on August 10, 2006, the Court issued its Recommendation that the case be dismissed based upon the

-2-

Plaintiff's failure to meet his filing fee obligations (Docket #30). On August 15, 2007, the Plaintiff filed a statement in response to the Court's show cause order from July (Docket #31). Despite this demonstration, and overruling an objection to the Recommendation from the Plaintiff arguing that it is the responsibility of the institution where he is held to insure that a prisoner's filing fee obligation is met or cause demonstrated (Docket #32), the Recommendation was adopted and this case dismissed (Docket #34).

Plaintiff appealed the decision. While the Court of Appeals for the Tenth Circuit found that the Court did not err in requiring the Plaintiff to make sure his fees were paid or explain why they were not paid, rather than placing the responsibility upon the facility where the Plaintiff is incarcerated, the dismissal was vacated and this matter returned "for consideration by the district court [of] whether [the Plaintiff] willfully violated the plain language of the July order and whether dismissal with prejudice was appropriate." *See* ORDER AND JUDGMENT, Docket 46. Pursuant to a case management schedule that was determined at a Scheduling Conference held on March 15, 2007, at which the Plaintiff participated by telephone, the Defendant has filed a motion to dismiss which argues that Plaintiff's failure to make payments or otherwise show cause was willful and wanton (Docket #56). Although Plaintiff participated in setting a case management schedule in this case, and agreed to a response date with regard to any such motion filed by the Defendant (Docket #54), he has neither filed a response nor requested an extension of time in which to do so, despite being separately reminded of his responsibility in this regard (Docket #58).

## DISCUSSION

The Tenth Circuit has defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Patterson v. C.I.T. Corp.*, 352 F.2d

333, 336 (10th Cir. 1965) (quoting *United States v. 3963 Bottles*, 265 F.2d 332, 337 (7th Cir.), *cert. denied*, 360 U.S. 931 (1959)). In this case, the federal appellate court expressed concern that "it is unclear from the record whether [the Plaintiff] received the order in time to comply with the July 15 deadline, even if the order included July." *See* ORDER AND JUDGMENT, Docket 46. In his Motion to Dismiss, the Defendant posits that it is irrelevant whether or not the Plaintiff received the order in time, because Plaintiff had failed to comply with his obligation to make payment or demonstrate cause for nonpayment for the months of April and June despite the Court's initial order of March 23, 2006, which had already placed the Plaintiff on notice that he faced dismissal if his monthly obligations were not met. Plaintiff has chosen not to respond to the Defendant's arguments.

Based on the facts contained in the record in this matter, it is undisputed that Plaintiff was on notice from the initiation of this case of his filing fee obligation and the consequences if he did not. This fact is particularly driven home because at the time Plaintiff was being held to his obligations in this case, he had already had one of his civil rights lawsuits in this Court dismissed on the very same grounds.[1] *See Butler v. Compton*, Civil Action No. 05-cv-01470-WDM-BNB. It is further undisputed that Plaintiff made no payments toward his filing fee obligation, nor did he make any attempt to show cause as to why payment could not be made for the months of May, June or July, 2006. While nothing in the record demonstrates when the Plaintiff may have received the Court's July 13, 2006, Order directing him to make payment or show cause, the Court does note that the notice of delivery by means other than electronic mail entered by the Clerk's office indicates that the

---

[1] This Court may take judicial notice of court documents and matters of public record. *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *see also Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 892 (D. Del. 1991).

-4-

Order was not mailed to the Plaintiff until July 14, 4006, at 2:57 p.m. The date of mailing would arguably indicate that the Plaintiff did not receive the Order in time to comply with the July 15 deadline. However, the Order is clearly dated July 13, 2006, and requires action by the 15th of the month. No request for an extension of time to respond or request for clarification in this regard was made by the Plaintiff. Plaintiff had opportunity to raise the issue during the scheduling/discovery conference held in this matter on August 2, 2006, but did not, even though he knew at the time that one of his previous lawsuits had been dismissed for the very same reason.

An additional consideration is that Plaintiff cannot argue that he was still under a misunderstanding that it is the responsibility of the institution where he is held to insure that a prisoner's filing fee obligation is met or cause demonstrated, because that argument was rejected in *Butler v. Compton*, Civil Action No. 05-cv-01470-WDM-BNB, by the Recommendation dated February 15, 2006, and found at Docket #21. The Plaintiff failed to object to this Recommendation, thereby waiving the issue, and an Order dismissing his case was entered on June 2, 2006. Finally, as argued by the Defendant and uncontested by the Plaintiff, the Court's initial order of March 23, 2006, had already placed the Plaintiff on notice that he faced dismissal if his monthly obligations were not met.

Plaintiff has filed four lawsuits in this Court over the past 6½ years, and has complied with his filing fee obligations in at least two of those actions by ensuring that the filing fees were paid in full, thereby demonstrating his knowledge and ability to comply with his obligations in this regard. *See Butler v. Butierres, et al.*, Civil Action No. 00-cv-01729-BNB-PAC and *Butler v. Compton*, Civil Action No. 04-cv-02004-LTB-MEH. Particularly troubling in this case is the Plaintiff's repeated disregard toward his filing fee obligation despite the consequences of which he was already aware

from *Butler v. Compton*, Civil Action No. 05-cv-01470-WDM-BNB. While the Plaintiff may not have had the means by which to make a payment toward his filing fee obligation, there is nothing in the record which demonstrates that he could not have at least attempted to show cause as to why payment could not be made. In fact, Plaintiff clearly demonstrated his ability to comply, but only after the Recommendation for dismissal of his case had been entered.

Based upon the record herein, to include matters of which the Court has taken judicial notice, and in light of the fact that Plaintiff has ignored his opportunity to address the issue by making a response in this regard, the Court is left with no option but to determine that the Plaintiff (1) knew of his obligation with regard to the filing fee in this case, and (2) intentionally failed to comply. Accordingly, a determination that the Plaintiff willfully violated the plain language of the July order is warranted.

Finally, the Tenth Circuit directed that this Court consider whether dismissal with prejudice in this matter is appropriate. In the previous Recommendation issued in this regard, the Court weighed the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and determined that those factors weighed in favor of dismissal with prejudice. Even keeping in mind that dismissal with prejudice is a harsh sanction which is not to be imposed without justification, *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993), dismissal with prejudice is appropriate in this case. In making this determination, once again, the following factors are considered as required by the Tenth Circuit: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921.

Originally, it was determined that "Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by present a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants (sic) been prejudiced or adversely impacted." While the progression of the case has been delayed based upon the issue of Plaintiff's filing fee obligation, the delay has primarily been with regard to appeal. Otherwise, the previous finding remains essentially on point.

With regard to the second factor, the Plaintiff's failure to comply with Orders of this Court has caused repeated expenditures of judicial resources in addressing this basic issue in this lawsuit. Rather than attending to the merits of the case and other cases, the Court has been required to devote substantial attention to Plaintiff's failure to acknowledge his financial obligations. Additionally, the Court cannot ignore the Plaintiff's cavalier disregard of this issue in light of the Tenth Circuit's remand. The federal appellate court deemed the matter important enough to return it to this Court for consideration, this Court set a briefing schedule to resolve it, and the Defendant has expended time and resources to address it, but the Plaintiff has done nothing. Furthermore, the Court notes that Plaintiff was aware of the return on remand of this matter issued on February 2, 2007, by no later than February 12, 2007, when he signed his "Bill of Cost" which was later filed with this Court (Docket #45). However, Plaintiff failed to make any payments toward his filing fee obligation, or demonstrate cause as to why a payment could not be made, for the months of February or March of 2007. No requests for extensions of time in this regard are present in the record.

While he has argued that others are responsible for the fact that his filing fee has not been paid or cause for nonpayment demonstrated, Plaintiff alone is culpable for his noncompliance. Plaintiff is an experienced litigant with regard to the filing fee requirements in this Court, having filed 2 non-

habeas civil cases prior to this lawsuit for which he fulfilled his filing fee obligations and also having one other case dismissed for noncompliance with regard to his filing fee obligation. Further, the record in this and other matters filed by the Plaintiff in this Court demonstrates that Plaintiff is well aware of the mechanics of utilizing motion practice to obtain court assistance if unable to resolve issues, such as ensuring that filing fee payments from his prisoner account were made.

Finally, the Plaintiff has had adequate warning that his case would be dismissed for noncompliance with the payment requirements. Despite the Court's warnings, Plaintiff intentionally failed to meet his obligations.

I have considered lesser sanctions, including dismissal without prejudice. Due to Plaintiff's failure to comply with Court Orders, to essentially include that of the Tenth Circuit on remand by ignoring his briefing responsibility on the issue of his filing fee obligation, and the provisions of § 1915, I am convinced that Plaintiff would simply re-file the case and repeat his pattern of failing to comply with Orders concerning payment of the filing fee.

/
/
/
/
/
/
/

## CONCLUSION

Based on the foregoing, it is hereby **recommended** that the Motion to Dismiss Due to Plaintiff's Willful and Wanton Failure to Make Payment or to Otherwise Show Cause [Filed March 29, 2002; Docket #56] be **granted** and that this action be dismissed with prejudice.

Dated at Denver, Colorado, this 11th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge