IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No.   06-cv-00518-LTB-MEH

PHILIP BUTLER,

Plaintiff,

v.

JAMES BUTIERRAS,

Defendant.

ORDER

This case is before me on the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss Due to Plaintiff's Willful and Wanton Failure to Make Payment or Otherwise Show Cause (Docket 56) be granted.  The recommendation was issued and served on May 11, 2007.  Plaintiff has filed no specific written objections to the recommendation.

In the recommendation the Magistrate Judge reflects that his recommendation for dismissal was previously adopted and the case dismissed (Docket No. 34).  The dismissal was appealed to the Tenth Circuit Court of Appeals which court vacated the dismissal and returned the matter "for consideration by the district court [of] whether [the Plaintiff] willfully violated the plain language of the July order [July 13, 2006 Docket 18] and whether dismissal with prejudice was appropriate."  In its remand the Tenth

1

Circuit also directed this court to consider whether dismissal with prejudice in this matter is appropriate.

The Magistrate Judge in his present recommendation has thoroughly addressed the two issues remanded from the Tenth Circuit concluding that Plaintiff (1) knew of his obligation with regard to the filing fee in this case, and (2) intentionally failed to comply. Hence, the Magistrate Judge determined that Plaintiff willfully violated the plain language of the July order.

In weighing the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Magistrate Judge concludes and recommends that dismissal be with prejudice. Rather than file timely specific objections to the Magistrate Judge's recommendation, Plaintiff filed an "Affidavit In Support Of Constitutional Claims" (Docket No. 71) which liberally construed fails to address the two issues analyzed by the Magistrate Judge upon remand from the Tenth Circuit and asserts that his case be adjudicated by an Article III judge. Plaintiff also filed his "Status for I.F.P. 28 U.S.C. §1915" (Docket No. 69). This filing also fails to address in any specific way the issues analyzed by the Magistrate Judge as directed by the Tenth Circuit Court of Appeals. It also states that Plaintiff maintains that he has a right to an Article III Court.

Upon remand from the Tenth Circuit Court of Appeals, I, an Article III Judge, re-referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for recommendation upon those questions remanded by the Tenth Circuit. This statutory process fully comports with Plaintiff's right to an Article III judge's determination of his case. In the Magistrate Judge's recommendation the Magistrate Judge advises

Plaintiff of his right to review of his recommendation within ten days after service of the recommendation and the requirement that objections specifically identify those findings or recommendations to which the objections are made.  Plaintiff is advised that failure to file such written objections may bar him from such *de novo* determination by the district judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Plaintiff was advised that the failure to file written objections to the proposed findings and recommendations within ten days after service bars him from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the district court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  I conclude that Plaintiff is barred from *de novo* review.  Accordingly,

   IT IS ORDERED that Defendant's Motion to Dismiss Due to Plaintiff's Willful and Wanton Failure to Make Payment or to Otherwise Show Cause (Docket No. 56) is granted and the above action is dismissed with prejudice.

                              BY THE COURT:


                                 s/Lewis T. Babcock
                              Lewis T. Babcock, Chief Judge

DATED: June   7   , 2007